UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WALTER E. BRADSHAW                                                                    PLAINTIFF

v.                                                                      CIVIL ACTION NO. 3:14-CV-61-JDM

CAROLYN W. COLVIN, ACTING COMMISSIONER
SOCIAL SECURITY ADMINISTRATION

**MEMORANDUM OPINION**

The Acting Commissioner has filed a motion to dismiss Mr. Bradshaw's complaint, in which she asserts this court lacks subject matter jurisdiction over this appeal. Mr. Bradshaw has not responded. When one party fails to object to a motion, the court typically enters a brief order granting the motion. Because Mr. Bradshaw is proceeding *pro se*, however, additional explanation is warranted, although this court notes that Mr. Bradshaw has repeatedly filed appeals over which this court lacks subject matter jurisdiction, and has received thoughtful and thorough explanations as to why, but seemingly has not yet understood why he cannot continue to do so.

Plaintiff has spent the past sixteen years attempting to obtain Childhood Disability Benefits. Mr. Bradshaw, who is now fifty-nine years old, filed his first application when he was thirty-three. His first application was denied, because he was not disabled at the time of his application, and had not been disabled at any time during the period before he turned twenty-two years old. Mr. Bradshaw filed another application in May 2001, which was dismissed on the basis of the doctrine of *res judicata*. Undeterred, Mr. Bradshaw filed another application in November 2003, which was also dismissed as barred by *res judicata*. In January 2007, Mr.

Bradshaw filed his fourth application for Childhood Disability Benefits, which was, like the others, dismissed as barred pursuant to the doctrine of *res judicata*.

Mr. Bradshaw's fifth and most recent application was filed in January 2012. The Social Security Administration denied his application initially, and upon reconsideration, because Mr. Bradshaw submitted no additional evidence not previously presented that he was, in fact, disabled before he reached the age of twenty-two. Mr. Bradshaw requested an administrative hearing, and the administrative law judge dismissed his request, describing in detail Mr. Bradshaw's ongoing requests for benefits and the Social Security Administrations' previous determinations regarding those requests. After the Appeals Council denied review of the administrative law judge's dismissal, Mr. Bradshaw filed this appeal.

As the Social Security Administration and various judges in the Western District of Kentucky have frequently explained to Mr. Bradshaw, his first application for Childhood Disability Benefits was definitively decided against him, when he failed to present sufficient evidence that he suffered from a disability before he reached the age of twenty-two. He did not appeal that decision, and thus the fact of whether he was disabled before twenty-two was conclusively decided against him and cannot be relitigated. Accordingly, regardless of whether Mr. Bradshaw is suffering any impairments as an adult, he cannot now qualify for Childhood Disability Benefits -- the type of benefits he repeatedly seeks.

This is so, because in our judicial system, once an issue of fact is decided in favor of or against a particular person, the determinations cannot be changed simply because that person files a new lawsuit. This is what the Social Security Administration and the other federal judges

2

presented with Mr. Bradshaw's appeal have been referring to when they speak of the doctrine of *res judicata.*

Pursuant to the doctrine of *res judicata*, the administrative law judge assigned to Mr. Bradshaw's most recent application for Childhood Disability Benefits properly denied Mr. Bradshaw's request for a hearing. When he did so, the processing of Mr. Bradshaw's application ceased, because there was nothing new to be decided, and therefore there was no "final decision" by the Acting Commissioner of Social Security. Because there was no "final decision," this court lacks any jurisdiction to consider Mr. Bradshaw's appeal. *See* 42 U.S.C. §§405(g) and (h); 20 C.F.R. 404.900(a); 20 C.F.R. 404..957(c)(1); *Cottrell v. Sullivan*, 987 F.2d 342, 344 (6th Cir. 1992). Accordingly, Mr. Bradshaw's complaint must be dismissed.

The court will enter an appropriate order consistent with the memorandum opinion.

DATE:

Cc: Walter E. Bradshaw, *pro se plaintiff*
 Counsel of Record